IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. 07-605,606, 607,608,609 ) 610, 611, 612, 613, 614 ) Judge Conti ) Magistrate Judge Caiazza |
| ARRESTING AGENT, *et al.*, | ) ) |
| Defendants. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

The Plaintiff has failed to sign an authorization which would allow the institutional account officer to deduct a partial filing fee in the above-captioned cases. Accordingly, it is respectfully recommended that these actions be dismissed without prejudice. The Plaintiff should be permitted to re-file these actions within the applicable statute of limitations period by paying the full filing fee of $350.00 in each case.

#### II. REPORT

The Plaintiff, Anthony Smith, an inmate confined under judgment of sentence at the State Correctional Institution at Dallas, Dallas, Pennsylvania, filed these lawsuits under the Civil Rights Act of 1871, 42 U.S.C. §1983, against the Arresting Agent, and others who are the Defendants in these actions.[1]

---

1. The Plaintiff simultaneously submitted ten civil rights actions.

Together with the Complaints, the Plaintiff filed applications for leave to proceed in forma pauperis.

The Prison Litigation Reform Act of 1996, 28 U.S.C. §1915(b), as amended on April 26, 1996, requires that prisoners who cannot pay the full filing fee immediately, submit an initial partial filing fee and the balance in installment payments. Consistent with that Act, the court entered a series of orders (Doc. 2 in each captioned case) on May 11, 2007 that did the following:

> 1. Computed the proper initial partial filing fee and informed the plaintiff of that amount;
>
> 2. Directed the plaintiff to either:
>
>> a. sign an authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into the court; or
>>
>> b. sign a form indicating that, whether for financial reasons or otherwise, he chose to withdraw the action;
>
> 3. Instructed the Plaintiff to return the signed authorization or notice of withdrawal within twenty days.

The Plaintiff has not returned a signed notice of the withdrawal of these actions. Neither has he returned a signed authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into court. Because

the court will not direct the prison to withdraw money from the Plaintiff's institutional account and pay it into the court until the Plaintiff authorizes such withdrawal, the initial partial filing fee in these cases will never be paid.

The Plaintiff's refusal to comply with the directions contained in the court's May 11, 2007 orders makes it impossible for the court to comply with Congress' amendments to the law regulating the manner in which in forma pauperis prison litigation is to be administered. Because the Plaintiff has not complied with this court's orders, it must be concluded that he no longer desires to maintain these actions.

It is respectfully recommended that the Plaintiff's application to proceed in forma pauperis be denied, and that these actions be dismissed, without prejudice. The Plaintiff should be permitted to re-file these actions within the applicable statute of limitations period by paying the full filing fee of $350.00.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 5, 2007. Failure to file timely objections may constitute a waiver of the right to appeal.

June 18, 2007                          <u>s/Francis X. Caiazza</u>
                                       FRANCIS X. CAIAZZA
                                       UNITED STATE MAGISTRATE JUDGE

cc:

ANTHONY SMITH ,EY9164
S.C.I. at Dallas
1000 Follies Road
Dallas, PA 18612